# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2022

Lyle W. Cayce
Clerk

No. 21-40626
Summary Calendar

JUSTIN MILES SANDERS,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Application for a Certificate of Appealability from the
United States District Court for the Eastern District of Texas
USDC No. 5:18-CV-49

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Justin Miles Sanders, Texas prisoner # 1925952, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for felony murder. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40626

argues that (1) his trial counsel was ineffective because (a) he did not seek appointment and present the testimony of an accident reconstruction expert; (b) he did not present the testimony of three eyewitnesses; (c) he did not object to the testimony of a police detective concerning the credibility of Sanders's statement denying involvement in the offense; (2) the State violated his due process rights by failing to disclose material, exculpatory evidence prior to trial; (3) the State violated his due process rights by presenting false testimony at trial; and (4) the district court erred in denying his request for an evidentiary hearing.

To obtain a COA, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). If a district court has rejected a claim on its merits, the petitioner can meet this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA determination is a "threshold inquiry" involving a "general assessment" of the applicant's claims: it is not a full adjudication on the merits. *Id.* at 336-37; *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("The COA inquiry . . . is not coextensive with a merits analysis."). Sanders has not made such a showing. Accordingly, Sanders's motion for a COA is DENIED.

Sanders does not require a COA to challenge the denial of an evidentiary hearing, but because he fails to make the required showing for a COA on his claims, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021).